UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF THE STATE OF WASHINGTON

ANDREW WISNIEWSKI, an individual,

Plaintiff,

v.

SWIFTWATER CELLARS, LLC, a Washington Limited Liability Company.

Defendant.

CASE NO.  1:20-cv-3132

**COMPLAINT FOR DAMAGES**

**JURY DEMAND**

I. **PARTIES, JURISDICTION AND VENUE**

1.1   Plaintiff, Andrew Wisniewski, is an individual residing and domiciled in the State of California.

COMPLAINT – Page 1
Case No.:  1:20-cv-3132

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

1.2     Defendant Swiftwater Cellars LLC ("Swiftwater Cellars," "Company," or "Employer") is a Washington limited liability company doing business in Kittitas County, Washington.

1.3     This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1331 as the claims for overtime under the Fair Labor Standards Act involve a federal question, and ancillary jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

1.4     Venue is proper in the United States District Court for the Eastern District of the State of Washington pursuant to 28 U.S.C. §1391(b)(1) and (2).

## II.     FACTUAL ALLEGATIONS

2.1     Mr. Wisniewski was an employee of Swiftwater Cellars since April 2013 as a Winemaker.

2.2     During Mr. Wisniewski's employment with Defendant, Defendant had two or more employees engaged in commerce or in the production of goods for commerce, or handling, selling or otherwise working on goods or materials, that have been moved in or produced for commerce.

2.3     Included in such goods, materials and supplies were vehicles, telephones, computers, office supplies and numerous other items that originated from outside the state of Washington.

2.4     During Mr. Wisniewski's employment with Defendant, Defendant as an enterprise had annual gross volume of sales of $500,000 or more.

2.5     Therefore, Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s).

2.6     Mr. Wisniewski worked for Defendant from approximately April 2013 to March,

COMPLAINT – Page 2
Case No.:  1:20-cv-3132

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

30 2020 as a Winemaker.

2.7  During his employment for Defendant, Mr. Wisniewski as paid on a salary basis.

2.8  During his employment for Defendant, Mr. Wisniewski was at all times an employee eligible for overtime compensation under the FLSA, 29 U.S.C. §207.

2.9  During his employment for Defendant, Mr. Wisniewski was at all times an employee eligible for overtime compensation under the Washington Minimum Wage Act ("MWA), RCW 49.46.130.

2.10  At all times relevant to this action, Defendant failed to comply with the FLSA the MWA, and/or the Washington Wage Rebate Act ("WRA"), RCW 49.52, by failing to pay Mr. Wisniewski time and one-half of his regular rate of pay for all hours worked in excess of forty hours per workweek ("overtime hours").

2.11  During Mr. Wisniewski's employment, he worked hours in excess of forty hours per week, primary during periods of harvest and bottling.

2.12  Upon information and belief, Defendant failed to keep records of Mr. Wisniewski's hours as required by law.

2.13  During Mr. Wisniewski's employment, Defendant never paid any overtime premium for hours worked in excess of forty hours per week.  This ongoing failure constitutes a continuing violation of the FLSA and the MWA.

2.14  Defendant has violated the FLSA by failing to pay Mr. Wisniewski one and one-half times his regular hourly rate of pay for all overtime hours that he worked during the relevant time period.

2.15  Defendant has violated the MWA and/or the WRA by failing to pay Mr. Wisniewski one and one-half times his regular hourly rate of pay for all overtime hours that he worked during the

COMPLAINT – Page 3
Case No.: 1:20-cv-3132

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

relevant time period.

2.16 Defendant did not have a good faith basis in its decision to withhold overtime compensation to Mr. Wisniewski.

2.17 Defendant's violations of the FLSA, MWA and/or WRA are willful.

### III.   FIRST CAUSE OF ACTION
### Failure to Pay Overtime
### Violation of the Fair Labor Standards Act
### 29 U.S.C. § 201, et seq.

3.1 Plaintiff realleges paragraphs 1.1 through 2.17 as though fully set forth herein.

3.2 Defendant's failure to pay overtime constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. 201, et seq.

3.3 As a result of Defendant's violation of the law, Plaintiff has been damaged in an amount to be proven at trial.

### IV.   SECOND CAUSE OF ACTION
### Failure to Pay Overtime
### Violation of the Washington Minimum Wage Act
### RCW 49.46

4.1 Plaintiff realleges paragraphs 1.1 through 3.3 as though fully set forth herein.

4.2 Defendant's failure to pay overtime constitutes a violation of the Washington Minimum Wage Act, RCW 49.46.

4.3 As a result of Defendant's violation of the law, Plaintiff has been damaged in an amount to be proven at trial.

COMPLAINT – Page 4
Case No.:  1:20-cv-3132

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

### IX.  THIRD CAUSE OF ACTION
### Willful Wage Withholding
### Violation of the Washington Wage Rebate Act
### RCW 49.52.050

5.1     Plaintiff realleges paragraphs 1.1 through 4.3 as though fully set forth herein.

5.2     Defendant's actions and/or omissions constitute violations of the Washington Wage Rebate Act, RCW 49.52.050.

5.3     As a result of Defendant's violations, Plaintiff has been damaged in an amount to be proven at trial.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant the following relief as against Defendant:

1.     An order declaring Plaintiff's right to overtime compensation for all hours worked in excess of forty hours per workweek during the relevant time period pursuant to the FLSA and the MWA;

COMPLAINT – Page 5
Case No.: 1:20-cv-3132

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

2. An order granting Plaintiff full compensation for all unpaid overtime wages and other actual monetary losses in an amount to be proven at trial pursuant to 29 U.S.C. § 216 and/or RCW 49.46.090;

3. An order granting Plaintiff an award of liquidated damages in an amount to be proven at trial pursuant to 29 U.S.C. § 216(b);

4. An award of double damages pursuant to RCW 49.52.070;

5. An award of attorney's fees and costs in an amount to be proven at trial pursuant to 29 U.S.C. § 216, RCW 49.46.090, RCW 49.48.030, and/or RCW 49.52.070;

6. Pre-judgment and post-judgment interest; and

7. Such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 31st day of August, 2020.

VANGUARD LAW, LLC

By: */s/ Spencer Nathan Thal*
Spencer Nathan Thal, WSBA # 20074
Vanguard Law, LLC
PO Box 939
Poulsbo WA  98370
Phone:  (206) 818-2499
zach@vanguardlawfirm.com
spencer@vanguardlawfirm.com

*Attorneys for Plaintiff*

COMPLAINT – Page 6
Case No.:  1:20-cv-3132

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344